IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-CR-00316-RJC-DSC

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FELICIA SHAW (6) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant, pro se, requesting that the Court recommend six months' home confinement to the Bureau of Prisons (BOP). (Doc. No. 175).

Title 18, United States Code, Section 3624(c) allows the BOP to place a prisoner in pre-release custody under conditions, including home confinement, for the last portion of her sentence to prepare her for re-entry into the community. The Second Chance Act of 2007, among other things, expanded the allowable time period for pre-release custody from six to twelve months, but limits the time in home confinement to six months. Pub. L. No. 110-199, § 251, 122 Stat. 657, 692-93 (2008). The Act clearly states that it does not alter the BOP's authority to designate the place of the prisoner's imprisonment under 18 U.S.C. § 3621, and prohibits a court from ordering that a sentence be served in a community confinement facility. Id.

The defendant relies on the Act in seeking home confinement for six months. Although the Court appreciates the defendant's efforts to improve herself during imprisonment, the BOP is in a better position to determine the proper placement given the defendant's needs. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (authority to designate place of confinement vested in BOP).

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 175) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

Signed: September 29, 2018

Robert J. Conrad, Jr.
United States District Judge